TRINA A. HIGGINS, United States Attorney (7349)
ALLISON H. BEHRENS, Assistant United States Attorney (38482MO)
TRAVIS K. ELDER, Assistant United States Attorney (11987)
Attorneys for the United States of America
111 South Main Street, Suite 1800 | Salt Lake City, Utah 84111
(801) 524-5682 | travis.elder@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN ROCKNE MENDENHALL,<br><br>Defendant. | **MOTION FOR PRELIMINARY ORDER OF FORFITURE**<br><br>Case No. 1:22-cr-00105-DAK<br><br>Judge Dale A. Kimball |

Pursuant to Fed. R. Crim. P. 32.2(b) and 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the United States of America moves the Court to enter a Preliminary Order of Forfeiture, and in support states:

1. On November 9, 2022, the government charged JOHN ROCKNE MENDENHALL in Count One with Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. § 922(g)(1); and Count Two with Unlawful Drug User and Addict in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(3). Indictment, Dkt. 1. The indictment notified the defendant that upon conviction, the government would seek to forfeit any firearms and ammunition involved in the offense under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). *Id*.

2. The property to be forfeited included:

- Charles Daly Brixia Model 1911 .45 Pistol, Serial No. KTIT21G1466 and ammunition;

("Subject Property").

3. On March 7, 2023, the defendant agreed to forfeit the Subject Property in a statement in advance of plea. SAP at 5, Dkt. 27. In the plea statement, the defendant described the Subject Property's connection to the offense including that the Defendant knew he had previously been convicted of crime punishable by more than one year in prison and did possess the Subject Property. *Id*. at 3-4. On March 7, 2023, the defendant pleaded guilty. *See* Dkt. 26 (minute entry for plea hearing).

4. Under Fed. R. Crim. P. 32.2(b)(1)(A) and 32.2(b)(2)(A), if the Court determines that the government has made the required showing under the statute authorizing forfeiture noted above, the Court must enter an order forfeiting the property to the United States without regard to any third-party interest.

5. Based on the defendant's statement in advance of plea and guilty plea and under 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant committed an offense for which forfeiture is authorized and the Subject Property has the requisite nexus with that offense. Accordingly, the United States requests that the Court so find and order all right, title, and interest in the Subject Property preliminarily forfeited to the United States.

6. Under Fed. R. Crim. P. 32.2(b)(3), once the order is entered the Attorney General (or designee) is authorized to seize the property, conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, and commence proceedings that comply with any statutes governing third-party rights.

7.      In this case, the applicable statute governing third-party rights is 21 U.S.C. § 853(n) with further procedures for the ancillary proceeding listed in Rule 32.2(c). The proposed order requires the United States to comply with these provisions and provides a roadmap for addressing any third-party petitions that may arise.

8.      Therefore, the government asks the Court to enter the enclosed order of forfeiture. Additionally, the government requests as required by Fed. R. Crim. 32.2(b)(4)(B), that the Court orally announce the forfeiture at the defendant's sentencing and reference the forfeiture order in the judgment.

Respectfully submitted,

TRINA A. HIGGINS
United States Attorney


*/s/ Travis K. Elder*
Travis K. Elder
Assistant U.S. Attorney